# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis N., | File No. 26-CV-226 (JMB/DLM) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; | **ORDER** |
| Respondents. | |

Luis N., New Brighton, MN, self-represented.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Luis N.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) In lieu of a response to the Petition, Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, Respondents) filed a Motion to Transfer/Change Venue, requesting that the Court dismiss the Petition for improper venue or to transfer it to the

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Southern District of Texas.  (Doc. No. 3.)  For the reasons explained below, the Court denies Respondents' Motion and grants the Petition in part.

## FINDINGS OF FACT

1.      Luis N. is a citizen of Mexico who entered the United States without inspection in February 2022.  (Pet. ¶ 17–18.)  Since that time, he has resided in New Brighton, Minnesota, with his wife[2] and three children.  (*Id.*)

2.      Luis N. has no criminal record, although he was cited for fishing without a license on June 30, 2023.  (*Id.* ¶ 20.)

3.      Three unidentified men wearing masks, jeans, and military tactical vests approached Luis N. on January 11, 2026, in Minnesota and arrested him at that time.  (*Id.* ¶ 21.)  Luis N. did not resist the seizure of his person.  (*Id.* ¶ 22.)

4.      There is no allegation that the unidentified men who seized Luis N. presented him with any documentation or warrant for arrest.

5.      On January 13, 2026, Luis N. filed a Petition for Writ of Habeas Corpus.  (Pet.)  On the same day, the Court ordered Respondents to file a response to the Petition by January 15, 2026, at 11:00 a.m.  (Doc. No. 2.)

6.      Unbeknownst to Luis N.'s attorney and family, Respondents immediately removed him from the District of Minnesota, prior to this Court's order enjoining Respondents from taking such action.  Respondents' legal memorandum explains that, as

---

[2] The Petition was brought by Luis N.'s wife, who resides in Minnesota and who asserted next friend standing.  At the time she filed the Petition, within 48 hours of Luis N.'s arrest, she stated that Luis N. "remains in detention at Fort Snelling, Minnesota."  (Pet. ¶ 26.)

2

of the date of their Motion to Transfer, Luis N. is now in custody in El Paso, Texas.  (Doc. No. 4 at 2.)[3]

## DISCUSSION

For the reasons discussed below, the Court considers the relief requested in the Petition to be unopposed and therefore grants the Petition.  As a separate and independent basis for granting the Petition, the Court concludes that release is justified by the merits of the Petition.[4]

### A.    Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through

---

[3] The legal memorandum references a declaration, but no declaration was filed or is otherwise properly before the Court.

[4] The Court concludes that the physical transfer of Luis N. to Texas did not deprive this Court of jurisdiction over his habeas petition.  *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

**B.    Unsupported Motion to Transfer Venue**

The Court denies the Motion for three reasons. First, it is unsupported by any factual basis or declaration. Second, the memorandum in support of the Motion contains no legal argument disputing the standing of the next friend (Luis N.'s wife) who resides in Minnesota and who filed the Petition on Luis N.'s behalf. Absent some well-developed argument, the Court cannot agree that venue is improper. Third, the Motion is based on a false factual assertion. Respondents state that the Motion is based on the grounds that "[Luis N.] is detained in Texas" and that "[h]e has been there since November 12." (Doc. No. 4 at 1.) There is no record cite for this statement. Moreover, the statement is not true. Respondents' own recitation of the factual background explains that contrary to the basis for the Motion, "ICE encountered [Luis N.] in Minneapolis, MN during Operation Metro Surge on January 11, 2026." (*Id.*) Because this Motion is based on an incorrect statement of fact, the Court is compelled to deny it.

**C.    Uncontested Merits of the Petition**

Respondents did not make any arguments responding to the merits of the Petition. Therefore, the Court considers the Petition unopposed and grants the relief requested therein.

The Court also notes that in other cases, Respondents have argued that the detention of petitioners similarly situated to Luis N. is mandatory pursuant to 8 U.S.C. § 1225(b).  As this Court has previously concluded, however, Respondents' interpretation is incorrect, and the Court grants the Petition for this reason as well.

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection.  *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases).  This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning."  *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)).  Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b).  This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the

noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Luis N. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

Therefore, section 1225(b) is inapplicable to Luis N.  Accordingly, the Court concludes that the Petition has merit.

Finally, Respondents made no separate argument concerning the portion of the Petition that requests immediate release and that supports this request by citation to five different cases from this Court.  (Pet. ¶ 61.)[5]  Respondents made no legal argument to the contrary or relating to these cases at all.  Therefore, the Court grants this portion of the Petition.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1.       Respondents' Motion to Transfer/Change Venue (Doc. No. 3) is DENIED.

---

[5] In addition to these cases, the Court notes that release was ordered in at least two other cases after concluding that an arrest did not satisfy the warrant requirements of 8 U.S.C. § 1226(a).  *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-0005, Doc. No. 8 at 3–4.

7

2.      Respondents are ORDERED to release Petitioner Luis N. from custody immediately, and in any event no later than 4:00 p.m. CST on January 16, 2026.

3.      On or before 11:00 a.m. CT on January 20, 2026, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

4.      To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.


LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  January 15, 2026                              /s/ Jeffrey M. Bryan
                                                     Judge Jeffrey M. Bryan
                                                     United States District Court